IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

| IRIS N DIAZ GONZALEZ, | |
|---|---|
| PLAINTIFF, | Case No: |
| Vs. | COMPLAINT |
| OFFICE DEPOT INC. DEFENDANT. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, IRIS N DIAZ GONZALEZ, (hereinafter "PLAINTIFF") by and through the undersigned counsel Ferderigos & Lambe, hereby sues DEFENDANT, OFFICE DEPOT INC. (hereinafter "DEFENDANT") and states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000, exclusive of interest, costs and attorney fees.

2. PLAINTIFF IRIS N DIAZ GONZALEZ is a resident and natural person of Orange County, Florida.

3. DEFENDANT OFFICE DEPOT INC. is and at all times mentioned in this complaint, a company authorized to do business in Florida with its place of business at 1151 Gills Drive, Orlando, FL 32824.

4. Venue of this action is proper in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, as all material facts in this cause of action occurred in Orange County, Florida.

eFiled in the Office of Clerk of Court, Orange County Florida 2010 Dec 27 01:39 PM Lydia Gardner

## **VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

5. Defendant hired Plaintiff on or about September 18, 1998.

6. Defendant was an "employer" as that term is defined by 29 U.S.C. Section 2911(4).

7. Plaintiff began feeling uncomfortable pain on November 25, 2008 and on December 3, 2008 was admitted to hospital for chest pain where a cardiac catheterization was performed on her.

8. On or about December 6, 2008 Plaintiff's filled out and provided the FMLA form to Defendant that was requested seeking leave under FMLA due to her health condition, as defined by 29 U.S.C. Section 2911.

9. On or about December 6, 2008, Plaintiff was an "eligible employee" as defined by 29 U.S.C. Section 2911(2).

10. Plaintiff was on FMLA leave three weeks following her hospitalization and was put on weight lift restriction and prolong standing/bending restriction.

11. Defendant was aware that Plaintiff was on FMLA leave.

12. After returning to work on her first day back from FMLA leave on December 29, 2008 Plaintiff was terminated.

13. Defendant violated the FMLA with respect to Plaintiff rights under FMLA by discriminating and retaliating against Plaintiff because she engaged in activity protected by the FMLA.

14. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including lost wages, salary, front pay, employment and employment benefits, and other monetary losses.

Wherefore, Plaintiff demand judgment for back pay, damages, liquidated damages, interest, costs, attorney fees pursuant to 29 U.S.C. Section2617(a)(3), reinstatement of employment and employment benefits , and for all other relief, legal and equitable, that this court deems appropriate, and Plaintiff further respectfully request trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED THIS 27TH DAY OF DECEMBER, 2010

/s/ Michael Ferderigos
By: Michael Ferderigos, Esquire
Bar No: 064011
Ferderigos & Lambe
Attorneys for Plaintiff
P.O. Box 1907
Orlando, FL 32802
407-244-3340